**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

NEWMAN CAPITAL LLC,                                    :

                Plaintiff,                          :

       - against -                                 :

                                :

PRIVATE CAPITAL GROUP, INC.;                           :
SELECT FUND MANAGEMENT LLC;                            :
JARED LUCERO; MICHAEL BURKE;                           :
REEF CAPITAL PARTNERS LLC;                             :        **MEMORNADUM OF LAW IN**
COMMON INVESTMENT FUND LLC;                           :        **SUPPORT OF NEW**
REEF-PCG LLC; STILLWATER EQUITY                        :        **DEFENDANTS' MOTION TO**
PARTNERS LLC; REEF CAPITAL                             :        **DISMISS OR, IN THE**
INVESTMENT LLC; REEF CAPITAL                           :        **ALTERNATIVE, FOR SUMMARY**
MANAGEMENT LLC; REEF                                   :        **JUDGMENT**
INVESTMENT MANAGEMENT LLC;                             :
CANYON ACCOUNTING LLC; PCG                             :
SELECT SERIES I LLC; PCG SELECT                        :
SERIES II LLC; PCG SELECT SERIES                       :
SECURED LLC; PCG SELECT SERIES                         :        Case No. 1:22-cv-00663-VSB
OFFSHORE I LP; SFM CREDIT FUND                         :
OFFSHORE I LP; SFM SECURED CREDIT                      :        Judge Vernon S. Broderick
II LLC; and RIM SECURED CREDIT                         :
INCOME FUND III LLC,                                   :

              Defendants,                        :

    and                                               :

PCG CREDIT PARTNERS LLC; PCG                           :
HOLDINGS LLC; 160 W CANYON CREST                      :
ROAD LLC; 1705 VIEWPOINT LLC;                          :
OUTLAW COUNTRY HOLDING LLC;                            :
IRON FOX BALLARD LLC; BROOKSIDE                        :
PRAIRIE VIEW LLC,                                      :

          Nominal Defendants.          :

------------------------------------------------------- x

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

LEGAL STANDARD & RELEVANT ALLEGATIONS .......................................................... 2

ARGUMENT .......................................................................................................................... 3

    I.    NEWMAN CAPITAL'S CLAIMS AGAINST THE NEW DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. ....................................................................................... 3

        A.    The Amended Complaint Fails to Establish a Statutory Basis for Personal Jurisdiction over the New Defendants under New York's Long-Arm Statute. ......................................................... 4

        B.    The Amended Complaint Fails to Establish Personal Jurisdiction over the New Defendants under the Constitution. ........................................................................................................ 6

            1.    The Amended Complaint Alleges Insufficient Facts to Establish Minimum Contacts by Each of the New Defendants with New York. ................................................... 7

            2.    Exercising Personal Jurisdiction over the New Defendants Is Inconsistent with Traditional Notions of Fair Play and Substantial Justice. ..................................... 8

        C.    The Amended Complaint Alleges No Facts that the Non-SFM Contract Defendants Agreed to the Forum-Selection Clause. ................................................................................................ 9

    II.    THE AMENDED COMPLAINT FAILS TO ALLEGE CLAIMS AGAINST THE NEW DEFENDANTS UNDER RULES 12(B)(6) OR 56. ........................................................................................................ 10

        A.    The Alleged Contract Defendants Are Entitled to Dismissal or, in the Alternative, Summary Judgment on the Breach of Contract Claim. ........................................................................ 10

            1.    Newman Capital Fails to Allege the Existence of a Contract Between Newman Capital and the Non-SFM Contract Defendants. ............................................................ 11

            2.    Newman Capital Fails to Allege a Breach of Contract by SFM. ..................................... 12

        B.    The Alleged Tort Defendants Are Entitled to Dismissal of Newman Capital's Intentional Interference Claim. ......................................................................................................... 13

        C.    The Alleged Tort Defendants Are Entitled to Dismissal of Newman Capital's Unjust Enrichment Claim. ......................................................................................................... 16

        D.    The New Defendants Are Entitled to Dismissal of Newman Capital's Fraudulent Transfer Claim.  19

    III.    NEWMAN CAPITAL HAS NOT OBTAINED THE COURT'S PERMISSION OR THE PARTIES' CONSENT TO ADD FOURTEEN OF THE ADDITIONAL DEFENDANTS. ................................................... 20

CONCLUSION ....................................................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

*Allah v. Latona*, 540 F.Supp.2d 325 (W.D.N.Y. 2021) ...................................................9

*Alnwick v. European Micro Holdings, Inc.,* 281 F.Supp.2d 629 (E.D.N.Y. 2003)...........................20

*Amusement Industry, Inc. v. Midland Avenue Associates, LLC*, 820 F.Supp.2d 510 (S.D.N.Y. 2011) ...............................................................................................................17

*Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201 (2d Cir 2003).............................9

*Atuahene v. City of Hartford*, 10 Fed.Appx. 33 (2d. Cir. 2001)............................................................8

*Beal Sav. Bank v. Sommer*, 865 N.E.2d 1210, 834 N.Y.S.2d 44 (N.Y. 2007)................................10

*Bytemark, Inc. v. Xerox Corp.*, 342 F.Supp.2d 496, 513 n.3 (S.D.N.Y. 2018) ................................8

*Calavano v. New York City Health & Hospitals Corp.*, 246 A.D.2d 317, 667 N.Y.S.2d 351 (N.Y. 1st Dep't 1998) ................................................................................................... 11, 12

*CAMOFI Master LDC v. Riptide Worldwide, Inc.*, No. 10 Civ. 4020(CM)(JLC), 2012 WL 6766767 (S.D.N.Y. Dec. 17, 2012) ..............................................................................17

*Chemical Bank v. World Hockey Ass'n*, 403 F. Supp. 1374, 1380 (S.D.N.Y. 1975) ...................................6

*Citigifts, Inc. v. Pechnik,* 112 A.D.2d 832, 492 N.Y.S.2d 752 (N.Y. 1st Dep't 1985) ............. 14, 15

*Dello Russo v. Nagel*, 358 N.J. Super. 254, 268, 817 A.2d 425).............................................16

*Denburg v. Parker Chapin Flattau & Klimpl*, 624 N.E.2d 995, 604 N.Y.S.2d 900 (N.Y. 1993)...12

*Eddystone Rail Company, LLC v. Bank of America, N.A.*, No. 19 Civ. 9584 (GBD), 2021 WL 4443371 (S.D.N.Y. 2021) .................................................................................................20

*Eldridge v. Johndrow*, 345 P.3d 553 (Utah 2015)...............................................................16

*George v. Professional Disposables International, Inc.*, 221 F.Supp.3d 428 (S.D.N.Y. 2016) ..............8

*Gillespie v. St. Regis Residence Club*, 343 F.Supp.3d 332 (S.D.N.Y. 2018) .......................................8

*Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 750 N.Y.S.2d 565 (N.Y. 2002).......................11

*GWG MCA Capital, Inc. v. Nulook Capital, LLC*, No. 17-cv-1724 (SIL), 2020 WL 10508196 (E.D.N.Y. June 28, 2020)..............................................................................................17

*Hicks v. Baines*, 593 F.3d 159 (2d. Cir. 2010) ....................................................................9

*Holmes v. Allstate Corp.*, No. 11 Civ. 1543(LTS)(DF), 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012)...........................................................................................................................9

*In re Caremerica, Inc.*, 409 B.R. 759 (Bankr. E.D.N.C. 2009) ..........................................................19

*In re Coggin*, 30 F.3d 1443 (11th Cir. 1994) ......................................................................17

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) ...............................................................8

*In re Integrity Graphics, Inc.*, 623 B.R. 21 (Bankr. D. Conn. 2020) ..................................................19

*In re M. Fabrikant & Sons, Inc.),* 394 B.R. 721 (Bankr. S.D.N.Y. 2008) ......................................19

*In re M. Fabrikant & Sons, Inc.*, 480 B.R. 480 (S.D.N.Y. 2012) ....................................................19

*In re Mervyn's Holdings, LLC*, 426 B.R. 96 (Bankr. D. Del. 2010)..................................................18

*In re Motorworks, Inc.*, 371 B.R. 281 (Bankr. S.D. Ohio 2007) ......................................................20

*In re Nine West LBO Securities Litigation*, 505 F.Supp.3d 292 (S.D.N.Y. 2020) ..........................19

*In re Pritzker*, 2004 WL 414313 (Ill. Cir. Ct. Mar. 5, 2004)...........................................................17

*In re Trinsum Grp., Inc.*, 460 B.R. 379 (Bankr. S.D.N.Y. 2011) ...................................................20

*In re USDigital, Inc.*, 443 B.R. 22 (Bankr. D. Del. 2011)..............................................................20

*In re Walter*, 462 B.R. 698 (Bankr. N.D. Iowa 2011) .....................................................................20

*Innovative Biodefense, Inc. v. VSP Technologies, Inc.*, 176 F.Supp.3d 305 (S.D.N.Y. 2016)..............10

*Lacey Marketplace Assocs. II, LLC v. United Farmers of Alberta Co-op. Ltd.*, 107 F. Supp. 3d 1155 (W.D. Wash. 2015)..................................................................................................17

*Lan Li v. Walsh*, No. 16-81871-CIV-MARRA, 2017 WL 3130388 (S.D. Fla. July 24, 2017) ..19

*Lnzro Pizza Empire, Inc. v. Brown*, 229 A.D.2d 947, 645 N.Y.S.2d 379 (N.Y. 4d Dep't 1996) .14

*Lurch v. Berry*, No. 20-CV-02312 (PMH), 2021 WL 3668113 (S.D.N.Y. Aug. 17, 2021) ...........9

*Lynch v. City of New York*, 952 F.3d 67 (2d Cir. 2020) .......................................................8

*Medina v. Bauer*, No. 02 Civ. 8837(DC), 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004).................9

*Modell's N.Y. Inc. v. Noodle Kidoodle, Inc.*, 242 A.D.2d 248, 662 N.Y.S.2d 24 (N.Y. 1st Dep't 1997)...................................................................................................................10

*Northville Industries Corp. v. Fort Neck Oil Terminals Corp.*, 100 A.D.2d 865 N.Y.S.2d 122 (N.Y. 2d Dep't 1984) ............................................................................................. 14, 15

*Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*, No. 12 Civ. 2837(KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)...............................................................................9

*Primex Intern. Corp. v. Wal-Mart Stores, Inc.*, 277 A.D.2d 219, 642 N.Y.S.2d 645 (N.Y. 1st Dep't 1996)...................................................................................................................14

*Ray v. Ray*, No. 18 Civ. 7035 (GBD), 2019 WL 1649981 (S.D.N.Y. Mar. 28, 2019)...............20

*Renda v. Nevarez*, 223 Cal. App. 4th 1231 (2014) ..........................................................17

*Riverdale Plating & Heat Treating, LLC v. Andre Corporation*, No. 15 C 3255, 2016 WL 3958885 (N.D. Ill. July 22, 2016) ..................................................................................16

*Riverside South Planning Corp. v. CRP/Extell Riverside, L.P.*, 60 A.D.3d 61, 869 N.Y.S.2d 511 (N.Y. 1st Dep't 2008) ............................................................................................10

*Smalls v. Coveny*, No. 20-CV-6474-FPG, 2021 WL 4171817 (W.D.N.Y. Sep. 14, 2021) ...........9

*Smith v. United States Department of Justice*, 18-CV-03371 (PMH), 2021 WL 2480412 (S.D.N.Y. June 17, 2021) ..................................................................................................9

*Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014)) ...................7

*Spratley v. FCA US LLC*, No. 3:17-CV-0062, 2017 WL 4023348 (N.D.N.Y. Sep. 12, 2017)...............7

*Stroud v. Tyson Foods, Inc.*, 91 F.Supp.3d 381, 386 (E.D.N.Y. 2015) ....................................7

*United States ex rel. Foreman v. AECOM*, 19 F.4th 85 (2d Cir. 2021)..........................................11

*U.S. Immigration Fund LLC v. Litowitz*, 122 N.Y.S.3d 632, 634 (2020) ....................................6

**Statutes**

Utah Code § 25-6-10(2) ...........................................................................................18

Utah Code § 25-6-5(1)(a)...........................................................................................18

Utah Code §§ 25-6-5(1)(b) & -6(1)..............................................................................17

Defendants Jared Lucero, PCG Select Series I LLC, PCG Select Series II LLC, PCG Select Series Secured LLC, Reef Capital Partners LLC, Select Fund Management LLC ("**SFM**"), SFM Secured Credit II LLC, Reef Investment Management LLC, RIM Secured Credit Income Fund III LLC, and PCG Credit Partners LLC (collectively, the "**New Defendants**"), pursuant to Federal Rules of Civil Procedure 7, 12(b)(2) & (6) and 56 and Local Civil Rules 7.1 and 56.1, by their counsel BENNETT TUELLER JOHNSON & DEERE, hereby move the Court to dismiss or, in the alternative, grant summary judgment on the claims against the New Defendants filed by Plaintiff Newman Capital LLC ("**Newman Capital**") (the "**Motion**").[1]

## INTRODUCTION

The Court should dismiss the Amended Complaint's claims against the twenty-three additional defendants, including the New Defendants, that Newman Capital seeks to join to this case based on no more than conclusory allegations and group pleading. First, based on the allegations of the Amended Complaint, the Court cannot exercise personal jurisdiction over the New Defendants. Newman Capital fails to allege facts to support jurisdiction under

---

[1] To discuss the various claims and parties at issue in the Amended Complaint, the New Defendants shall also use several other defined terms in this Motion. Specifically, throughout this Motion, the New Defendants shall refer to the seven defendants of Newman Capital's breach of contract claim – specifically, SFM, Reef Capital Partners LLC, Common Interest Fund LLC, Reef-PCG LLC, Stillwater Equity Partners LLC, Reef Capital Investment LLC, and Reef Capital Management LLC – as the "**Contract Defendants**" and, without SFM, the "**Non-SFM Contract Defendants**." Likewise, the New Defendants shall refer to the fourteen defendants of Newman Capital's tortious interference with contract and unjust enrichment claims – specifically, Jared Lucero, Michael Burke, Reef Capital Partners LLC, Common Interest Fund LLC, Reef-PCG LLC, Stillwater Equity Partners LLC, Reef Capital Investment LLC, Reef Investment Management LLC, Canyon Accounting LLC, PCG Select Series I LLC, PCG Select Series II LLC, PCG Select Series Secured LLC, SFM Secured Credit II LLC, and RIM Secured Credit Income Fund III LLC – as the "**Tort Defendants**."

either New York's long-arm statute or the Fourteenth Amendment. Second, the Amended Complaint's claims against the New Defendants are also subject to dismissal under Rules 12(b)(6) and 56. At bottom, the Amended Complaint fails to plead facts to support the essential elements of Newman Capital's claims—much less individualized facts against each New Defendant, distinguishing one New Defendant's alleged acts from another. Finally, Newman Capital's claims against fourteen of the additional defendants, including some of the New Defendants, are null and void because Newman Capital neither obtained the state court's permission nor Private Capital's consent to join the foregoing defendants.

The New Defendants thus respectfully ask the Court to dismiss the Amended Complaint's claims against them with prejudice.

## LEGAL STANDARD & RELEVANT ALLEGATIONS

To avoid repetition of what the Court has already reviewed, the New Defendants incorporate by reference as if set forth herein the "Relevant Allegations" and "Legal Standard" set forth in Private Capital's Motion to Dismiss. *See* Dkt. No. 24 (PCG MTD), 7-9. As discussed therein, and with particular respect to the legal standard governing this Motion which the Court must apply, to survive a motion to dismiss, a complaint must (i) plead facts as opposed to conclusory allegations to support each element of a claim, (ii) plead plausible facts that show more than a mere suspicion of wrongdoing, and (iii) distinguish between each defendant and the alleged acts against the defendant as opposed to lumping all defendants together in a pleading.

# ARGUMENT

## I. NEWMAN CAPITAL'S CLAIMS AGAINST THE NEW DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

"Upon motion, the Court must dismiss an action against any defendant over whom it lacks personal jurisdiction." *Commodity Futures Trading Comm'n v. TFS-ICAP, LLC*, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019). "'[T]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant.'" *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 120 (S.D.N.Y. 2020) (quoting *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)). "Before jurisdictional discovery, a plaintiff's *prima facie* showing of jurisdiction 'may be established solely by allegations.'" *Id.* at 121 (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). "However, conclusory allegations are not enough to establish personal jurisdiction." *Commodity Futures*, 415 F. Supp. 3d at 380 (internal quotation marks omitted); *see also Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*, 2001 WL 1468168, at *3 (S.D.N.Y. Nov. 19, 2001) ("The plaintiff cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be factually supported.") (cleaned up).

At least two requirements must be met before a court may exercise personal jurisdiction. First, "there must be a statutory basis for personal jurisdiction" (i.e. satisfaction of a state long-arm statute). *See Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). And second, "the exercise of personal jurisdiction must comport with constitutional due process principles." *Id.* The Amended Complaint fails to allege sufficient factual as opposed to conclusory allegations to support either of these requirements against the twenty-three additional defendants, including the New Defendants.

A. **The Amended Complaint Fails to Establish a Statutory Basis for Personal Jurisdiction over the New Defendants under New York's Long-Arm Statute**.

"[T]he amenability of a foreign [party] to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990). "The New York long-arm statute does not extend in all respects to the constitutional limits." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012). Instead, the New York long-arm statute provides more limited jurisdiction as follows:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domicilliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, . . . ; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

"[I]n determining whether personal jurisdiction may be exercised under section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether [the] cause of action arises from such a business transaction." *Licci*,

673 F.3d at 60 (cleaned up). With respect to the second factor, "[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). The Amended Complaint fails to allege distinct and individualized facts supporting long-arm jurisdiction over any of the twenty-three additional defendants, including the New Defendants.

First, the Amended Complaint fails to allege long-arm jurisdiction over any of the Contract Defendants based on Newman Capital's breach of contract claim. While the Amended Complaint alleges "[t]he principals of PCG traveled to New York . . . to explore a potential arrangement whereby Newman Capital would introduce PCG to investors," *see* Dkt No. 1 (Am. Compl.) ¶ 40, Newman Capital alleges no such facts as to any of the Contract Defendants. Where the Amended Complaint alleges no facts that the Contract Defendants transact business in New York – much less that Newman Capital's alleged breach of contract claim arises out of those transactions – the Court cannot exercise long-arm jurisdiction over the Contract Defendants.

Second, the Amended Complaint also fails to allege long-arm jurisdiction over any of the New Defendants based on Newman Capital's intentional interference, unjust enrichment, or fraudulent transfer claims. Newman Capital alleges no facts that the New Defendants committed any tort within New York. Similarly, as to subsection (3), Newman Capital alleges no facts that the New Defendants (i) caused injury to person or property in

New York (Newman Capital is a New Jersey citizen)[2], and (ii) regularly do business in New York or should have expected injury in New York based on substantial revenue from interstate commerce. *See, e.g., Broker Genuis, Inc. v. Seat Scouts LLC*, 2019 WL 4054003, at *4 (S.D.N.Y. Aug. 27, 2019) (holding that defendant in fraudulent transfer action could not have reasonably expected acts to have consequences in New York). Indeed, the Amended Complaint alleges no individualized facts as to any of the New Defendants.

Accordingly, the New Defendants respectfully ask the Court to dismiss the claims against them for lack of long-arm jurisdiction.

**B.** **The Amended Complaint Fails to Establish Personal Jurisdiction over the New Defendants under the Constitution.**

Under the Due Process Clause of the Fourteenth Amendment, a litigant is subject to a court's jurisdiction if it has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Accordingly, "[t]he constitutional analysis under the Due Process Clause consists of two separate components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Astor*, 510 F.Supp.3d at 125. The allegations of the Amended Complaint fail to satisfy either of these components.

---

[2] Further, "New York's long-arm jurisdiction statute (CPLR 302(a)(3)) . . . , [i]n the context of commercial torts, where the damages are purely economic, 'the situs of the injury is the location where the event giving rise to the injury occurred, and not where the resultant damages occurred.'" *U.S. Immigration Fund LLC v. Litowitz*, 122 N.Y.S.3d 632, 634 (2020); *Chemical Bank v. World Hockey Ass'n*, 403 F. Supp. 1374, 1380 (S.D.N.Y. 1975) ("[I]n a commercial tort situation the place of the injury will usually be deemed to be the place where 'the critical events associated with the dispute took place.").

1.  **The Amended Complaint Alleges Insufficient Facts to Establish Minimum Contacts by Each of the New Defendants with New York.**

"The minimum contacts inquiry examines . . . whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws such that the defendant should reasonably anticipate being haled into court there." *Id.* (internal quotation marks omitted). Unless a plaintiff can satisfy that a district court has general jurisdiction over a defendant,[3] the plaintiff must prove specific jurisdiction. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Specific personal jurisdiction over a defendant exists "if the defendant purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

In analyzing the sufficiency of the defendant's contacts, the Supreme Court has cautioned that the "relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Contacts "between the plaintiff (or third parties) and the forum State" are insufficient if they are the only link between the defendant's conduct and the forum. *Id.* at 284-85. In other words, the "plaintiff

---

[3] By alleging that no New Defendant was organized in New York, maintains its principal place of business in New York, or is domiciled with his home in New York, *see* Dkt. No. 1 (Am. Compl.) ¶¶ 8-33, the Amended Complaint affirmatively pleads that the Court cannot exercise general jurisdiction over any of the New Defendants. *See Stroud v. Tyson Foods, Inc.*, 91 F.Supp.3d 381, 386 (E.D.N.Y. 2015) (identifying "two 'paradigm bases' for asserting general jurisdiction over a corporation, its place of incorporation and its principal place of business."); *Spratley v. FCA US LLC*, No. 3:17-CV-0062, 2017 WL 4023348, at *3 (N.D.N.Y. Sep. 12, 2017) (applying same test to limited liability company); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) ("The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home.").

cannot be the only link between the defendant and the forum," and a defendant cannot be subjected to personal jurisdiction on the basis of "random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id.* at 285, 286.

The Amended Complaint fails to allege sufficient facts that each of the New Defendants maintain minimum contacts with New York out of which arise Newman Capital's claims. As set forth above, Newman Capital fails to allege that each of the Contract Defendants entered into any transactions in New York, much less a transaction giving rise to the Amended Complaint's breach of contract claim. Likewise, Newman Capital fails to allege that the Tort Defendants engaged in any conduct in New York or otherwise made some sort of contact with the state—whether interference, unjust enrichment, or a fraudulent transfer. The New Defendants thus respectfully ask the Court to dismiss the claims against them for lack of personal jurisdiction.

### 2. Exercising Personal Jurisdiction over the New Defendants Is Inconsistent with Traditional Notions of Fair Play and Substantial Justice.

"The reasonableness inquiry examines whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Astor*, 510 F. Supp. 3d at 125 (quoting *Licci*, 673 F.3d at 60) (internal quotation marks omitted). Courts consider

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Id.* (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164-65 (2d Cir. 2010)).

All of the above factors weigh against exercising personal jurisdiction over the twenty-three additional defendants, including the New Defendants. First, exercising jurisdiction will impose an unfair burden on the twenty-three additional defendants because, as alleged in the Amended Complaint, all operate far from New York and otherwise have no contacts or associations with the state. Second, New York has no interest in adjudicating the claims against the New Defendants given that no party is a citizen of New York and the Amended Complaint alleges no conduct by the New Defendants occurring in New York. Third, given New York's lack of jurisdiction over all of the Defendants, New York is neither a convenient nor effective forum for Newman Capital to obtain relief. Finally, it would be inefficient and contrary to the interests of the interstate judicial system for a New York court to be required to interpret and apply the substantive laws of other states, who are better positioned to decide the causes of action governed by laws other than New York. In sum, exercising personal jurisdiction over the New Defendants is inconsistent with the notions of fair play and substantial justice.

## C. The Amended Complaint Alleges No Facts that the Non-SFM Contract Defendants Agreed to the Forum-Selection Clause.

"Generally, 'a non-party to a contract is not bound by the contract.'" *Wiederman v. Spark Energy, Inc.*, 2020 WL 1862319, at *8 (S.D.N.Y. April 14, 2020). Further, "[u]nder New York law, the assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless [it] expressly assumes to do so." *GMAC Comm. Credit, LLC v. Dillard Dep't Stores, Inc.*, 198 F.R.D. 402, 407 (S.D.N.Y. 2001). While the

Amended Complaint makes the conclusory allegation that Newman Capital "believes" Private Capital and SFM assigned the Agreements to the Non-SFM Contract Defendants, *see* Dkt. No. 1 (Am. Compl.) ¶ 137, Newman Capital alleges no facts in support of this "belie[f]." Specifically, the Amended Complaint alleges no facts that any agreement was assigned to a Non-SFM Contract Defendant—much less that each Non-SFM Contract Defendant took the additional step to expressly assume any agreement's obligations. Thus, the Court cannot exercise jurisdiction over the Non-SFM Contract Defendants by virtue of any of the Agreements.

Accordingly, the New Defendants respectfully ask the Court to dismiss all claims against them for lack of personal jurisdiction.

## II.   THE AMENDED COMPLAINT FAILS TO ALLEGE CLAIMS AGAINST THE NEW DEFENDANTS UNDER RULES 12(B)(6) OR 56.

### A.   <u>The Alleged Contract Defendants Are Entitled to Dismissal or, in the Alternative, Summary Judgment on the Breach of Contract Claim.</u>

Newman Capital fails to allege a breach of contract claim against each of the seven Contract Defendants. As an initial matter, Newman Capital fails to state a breach of contract claim against the Contract Defendants on the same grounds Newman Capital fails to state a breach of contract claim against Private Capital, whose Motion to Dismiss (specifically, Argument section A) the Contract Defendants incorporate by reference as if set forth herein. *See* Dkt. No. 24 (PCG MTD), 7-9. Namely, Newman Capital's breach of contract claim must be dismissed because (1) Newman Capital released any claims against the Contract Defendants in the Settlement Agreement, which expressly releases claims against "PCG, and its officers, directors, employees, contractors, shareholders, agents, predecessors, successors

and assigns, including SFM." *See* Dkt No. 24 (PCG MTD), Ex. 10, § 3(a) and (e); and (2) to

the extent Newman Capital alleges any claims against the Contract Defendants under the

2013, 2014, and 2017 Agreements, those claims must be dismissed because the 2018

Agreements superseded the prior agreements.

   In addition to the above two grounds, Newman Capital's breach of contract claim

must be dismissed against the Contract Defendants for the following two reasons.

### 1. Newman Capital Fails to Allege the Existence of a Contract Between Newman Capital and the Non-SFM Contract Defendants.

   "To make out a breach of contract claim under New York law plaintiffs must show . .

. the existence of an agreement . . . ." *See Fuji Photo Film U.S.A., Inc. v. McNulty*, 669

F.Supp.2d 405, 412 (S.D.N.Y. 2009). "To show that an enforceable contract existed, the

claimant must plead facts surrounding the formation of the contract such as the date the

parties entered into the contract, the major terms of the contract, the parties to the contract,

and that the party to be bound assented to the contract." *Id.* "[M]utual assent is essential to

the formation of a contract and a party cannot be held to have contracted if there was no

assent or acceptance. The manifestation or expression of assent necessary to form a contract

may be by word, act, or conduct which *evinces the intention of the parties to contract*." *See

Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004). "Conclusory allegations that

a contract existed . . . do not suffice." *See Cambridge Capital LLC v. Ruby Has LLC*, No. 20-cv-

11118 (LJL), 2011 WL 4481183, at *17 (S.D.N.Y. Sep. 30, 2021).

   The Amended Complaint fails to plead facts showing the existence of any contract

between Newman Capital and the Non-SFM Contract Defendants. Nowhere in the

Amended Complaint does Newman Capital allege a word, act, or conduct taken by any of

the Non-SFM Contract Defendants manifesting assent to be bound by the Agreements; the date when the Non-SFM Contract Defendants supposedly became parties to any of the Agreements; or any other facts surrounding the formation of any agreement with the Non-SFM Contract Defendants. Likewise, the Non-SFM Contract Defendants are not signatories to any of the Agreements referenced and attached to Newman Capital's Amended Complaint. Accordingly, in addition to the reasons set forth above, the Non-SFM Contract Defendants respectfully ask the Court to dismiss the Amended Complaint's breach of contract claim against them for failure to allege the existence of an enforceable contract.

### 2.  Newman Capital Fails to Allege a Breach of Contract by SFM.

"To state a claim for breach of contract, Plaintiffs must plead . . . breach by the defendant . . . ." *See Negrete v. Citibank, N.A.*, 187 F.Supp.3d 454, 468 (S.D.N.Y. 2016). "A breach of contract claim will be dismissed, however, as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Id.* Put differently, "[i]n pleading these elements, a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *See Mumin v. Uber Technologies, Inc.*, 239 F.Supp.3d 507, 536 (E.D.N.Y. 2017).

The Amended Complaint fails to plead facts that SFM breached any of the Agreements. The only Agreements to which SFM is a signatory are the 2017 and 2018 Agreements. Both of those agreements grant Newman Capital a fee only for introductions

"made during the term[s]" of the agreements.[4] The terms of both agreements post-date

January 23, 2017.[5] The Amended Complaint, however, fails to allege any introduction by

Newman Capital to SFM after January 23, 2017 during the term of either agreement.

Consequently, the Amended Complaint's breach of contract claim against SFM must be

dismissed for failure to allege a breach of any contract.

**B.  The Alleged Tort Defendants Are Entitled to Dismissal of Newman Capital's
Intentional Interference Claim.**

Newman Capital fails to allege tortious interference with contractual relations against

each of the fourteen Tort Defendants.

> In order to state a claim for tortious interference with contract
> under New York law, a plaintiff must allege: (1) the existence of
> a valid contract between the plaintiff and a third party, (2)
> defendant's knowledge of the contract, (3) defendant's
> intentional inducement of the third party to breach the contract
> or otherwise render performance impossible, (4) an actual breach
> of the contract, and (5) damages to the plaintiff.

*See Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F.Supp.3d 436, 450 (S.D.N.Y. 2014).

Newman Capital fails to state a tortious interference with contract claim against the Tort

Defendants for at least four reasons.

---

[4] *See* Ex. 5 (2017 Engagement) § 3 ("[Newman Capital] shall be paid by SFM the full fee
provided for in this Agreement with respect to each person . . . introduced by [Newman Capital] to
SFM *during the term of this Agreement* who makes an investment . . . ."); Ex. 7 (2018 AFA) § 3
("[Newman Capital] shall be paid the full fee provided for in this Agreement with respect to each
person . . . introduced by [Newman Capital] to SFM *during the term of this Agreement* who makes an
investment . . . .") (emphasis added).

[5] *See* Ex. 5 (2017 Engagement) (stating agreement is made "as of the 23rd day of January
2017" and grants a non-exclusive right to Newman Capital "[f]or a period of twenty-four (24)
months after the date hereof"); Ex. 7 (2018 AFA) (same except with a start date of "the 6th day of
March 2018").

First, Newman Capital fails to allege actual breach of any contract. "[A] plaintiff cannot prevail on an intentional-interference claim unless it demonstrates an actual breach of the specified contract." *See Corning Incorporated v. Shenzhen Xinhao Photoelectric Technology Co., Ltd.*, No. 18-CV-6739L, 2021 WL 2587160, at *3-4 (W.D.N.Y. June 24, 2021). As set forth above and in Private Capital's Motion to Dismiss, Newman Capital fails to state a breach of contract claim against Private Capital and the Contract Defendants.

Second, Newman Capital fails to allege that each of the Tort Defendants possessed knowledge of any relevant contract. As to the knowledge element,

> the alleged tortfeasor's knowledge that some contract existed is insufficient. Although a plaintiff is not required to prove that the defendant had perfect or precise knowledge of the terms and conditions of the contracts in issue, the plaintiff must plead specific allegations of the defendant's knowledge of the contract, including some knowledge of the terms and conditions of the allegedly interfered-with contract.

*Id.* Here, the only allegation the Amended Complaint makes as to knowledge is that the Tort Defendants "had full knowledge of the agreements between Newman Capital and PCG." *See* Dkt No. 1 (Am. Compl.) ¶ 148. Such a bare conclusory allegation, without any allegations of fact (much less allegations as to each specific defendant and how that defendant was aware of the specific contracts and provisions with which the defendant interfered), is insufficient to plead the knowledge element of Newman Capital's claim.

Third, the Amended Complaint fails to allege that each of the Tort Defendants intended interference.

> [T]o satisfy the third element of the claim, intentional procurement of the breach, it is not enough that a defendant engaged in conduct with a third-party that happened to constitute a breach of the third party's contract with the plaintiff; instead a

> plaintiff must allege facts showing that the defendant's objective
> was to procure such a breach.

*See Corning Incorporated*, 2021 WL 2587160, at *3-4. Here, the only allegation the Amended

Complaint makes as to intent is that the Tort Defendants "entered into the agreements with

Crestline and perhaps other Introduced Parties for purpose of circumventing the

Agreements." *See* Dkt No. 1 (Am. Compl.) ¶ 150. Once again, such a conclusory allegation

that lumps all of the Tort Defendants together without any facts is insufficient to plead

intent by each individual Tort Defendant.

Fourth, Newman Capital fails to allege that any actions of the Tort Defendants are

the "but for" cause of any alleged breach. To state an intentional interference claim, "[a]

plaintiff must allege that there would not have been a breach but for the activities of

defendants." *See Sharma v. Skaarup Ship Management Corp.*, 916 F.2d 820, 828 (2d Cir. 1990).

The Amended Complaint fails to allege that the Tort Defendants were a but for cause of any

breach for two reasons: First, the Amended Complaint alleges that the actions of the Tort

Defendants were an after-breach excuse claimed by Private Capital as opposed to the but for

cause of any breach. As alleged by Newman Capital, "PCG has *justified* its nonpayment, in

part, on its claim that certain transactions were entered into with one or more of the Known

Affiliates." *See* Dkt. No. 1 (Am. Compl.) ¶ 37 (emphasis added). Second, in alleging that the

Tort Defendants entered into the alleged transactions "for the purpose of circumventing the

Agreements," the Amended Complaint precludes the Tort Defendants from being a but for

cause of any breach. If the Tort Defendants' unidentified transactions circumvented or fell

outside the scope of the Agreements, then no breach occurred. If on the other hand the

Tort Defendants' unidentified transactions triggered obligations under the Agreements, that

itself is not a breach. Only Private Capital's alleged failure to pay is a breach and the Amended Complaint alleges no facts that each individual Tort Defendant induced Private Capital's alleged failure to pay or otherwise made it impossible.

In sum, Newman Capital's intentional interference claim must be dismissed because the Amended Complaint fails to plead facts supporting each element of the claim—much less facts as to each individual Tort Defendant identifying the conduct committed by that Tort Defendant.[6]

### C. <u>The Alleged Tort Defendants Are Entitled to Dismissal of Newman Capital's Unjust Enrichment Claim.</u>

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that equity and good conscience require restitution." *See Kaye v. Grossman*, 202 F.3d 611, 615-16 (2d Cir. 2000). The Amended Complaint fails to plead an unjust enrichment claim against each individual Tort Defendant for at least three reasons.

First, Newman Capital fails to allege facts that each of the Individual Defendants received at the expense of Newman Capital a specific, identified benefit. It is well-established

---

[6] To the extent New Jersey or Utah law applies to the Amended Complaint's intentional interference claim, the laws of those states are substantially similar. *See Dello Russo v. Nagel*, 358 N.J. Super. 254, 268, 817 A.2d 425 ("To establish a claim for tortious interference with contractual relations, a plaintiff must prove: (1) actual interference with a contract; (2) that the interference was inflicted intentionally by a defendant who is not a party to the contract; (3) that the interference was without justification; and (4) that the interference caused damage."); *Eldridge v. Johndrow*, 345 P.3d 553, 565 (Utah 2015) ("In order to win a tortious interference claim under Utah law, a plaintiff must now prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) by improper means, (3) causing injury to the plaintiff."). Under New Jersey and Utah law, the Amended Complaint also fails to plead any facts that each Tort Defendant individually acted "without justification" or by "improper means"—meaning in violation of a criminal or civil statute or by committing an independent tort.

that, to state an unjust enrichment claim, "the alleged benefit must be specific." *See Agerbrink v. Model Service LLC*, 155 F.Supp.3d 448, 458 (S.D.N.Y. 2016). "An allegation premised on an unnamed benefit that may accrue in the future, however, is too slender a reed on which to premise a claim of unjust enrichment." *See Regnante v. Securities and Exchange Officials*, 134 F.Supp.3d 749, 773 (S.D.N.Y. 2015). While the Amended Complaint makes the conclusory allegation that the Tort Defendants collectively "obtained substantial financial gains, advantages, and benefits through Newman Capital's connections and introduction," *see* Dkt. No. 1 (Am. Compl.) ¶ 156, the Amended Complaint fails to identify any specific benefit— much less the specific benefits received by each of the individual Tort Defendants and how those unidentified benefits came at the expense of Newman Capital. Without identification of a specific benefit, the unjust enrichment claim must be dismissed.

Second, the Amended Complaint fails to allege any relationship between Newman Capital and the Tort Defendants resulting in a direct benefit conferred. It is well-established that an unjust enrichment claim must be dismissed "where the relationship between a plaintiff and defendant is simply too attenuated." *See Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F.Supp.2d 439, 454 (E.D.N.Y. 2007). To establish an unjust enrichment claim, it is insufficient to show "some indirect benefit"; instead, a "specific and direct benefit [is] necessary to support an unjust enrichment claim." *See Kaye*, 202 F.3d at 616. Put differently, an unjust enrichment claim should be dismissed where the complaint "fail[s] to allege any direct dealing or actual, substantive relationship with the Defendants." *See Myun-Uk Choi v. Tower Research Capital LLC*, 165 F.Supp.3d 42, 51 (S.D.N.Y. 2016); *Reading Intern., Inc. v. Oaktree Capital Management LLC*, 317 F.Supp.2d 301, 334 (S.D.N.Y. 2003) ("Plaintiffs have

not alleged that they had a contractual or quasi-contractual relationship with defendants, and in fact have alleged no prior course of business dealings with defendants whatsoever."). Here, the Amended Complaint fails to allege an actual, substantive relationship with each of the individual Tort Defendants by which they received a direct as opposed to indirect benefit. Consequently, Newman Capital's unjust enrichment claim against each Tort Defendant must be dismissed.

Third, Newman Capital's unjust enrichment claim is precluded by the Amended Complaint's allegations of the Later Agreements. "[W]here the validity of a contract that governs the subject matter at issue is not in dispute, and the claimant alleges breach of the contract, the claimant cannot plead unjust enrichment in the alternative under New York law." *See Stanley v. Direct Energy Services, LLC*, 466 F.Supp.3d 415, 430-31 (S.D.N.Y. 2020); *ImagePoint, Inc. v. JPMorgan Chase Bank, Nat. Ass'n*, 27 F.Supp.3d 494, 516 (S.D.N.Y. 2014) (same). "[T]he existence of a valid and binding contract governing the subject matter at issue in a particular case does act to preclude a claim for unjust enrichment even against a third party non-signatory to the agreement." *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F.Supp.2d 162, 203 (S.D.N.Y. 2011); *Xiotech Corp. v. Express Data Products Corp.*, 11 F.Supp.3d 225, 242 (N.D.N.Y. 2014) (same). Newman Capital alleges that the Agreements govern the same subject matter as its unjust enrichment claim, alleging as part of its unjust enrichment claim that "Newman Capital expected to be compensated as set forth in Agreements for the benefits . . . ." *See* Dkt. No. 1 (Am. Compl.) ¶ 157. Consequently, even in the alternative, Newman Capital cannot maintain its unjust enrichment claim because it

alleges valid agreements which (as discussed above) the Amended Complaint fails to allege have been breached.

In short, the Amended Complaint's unjust enrichment claim should be dismissed for failure to identify – as to each individual Tort Defendant – a specific benefit, directly conferred via a substantial relationship, and not precluded by another agreement.[7]

### D. The New Defendants Are Entitled to Dismissal of Newman Capital's Fraudulent Transfer Claim.

Newman Capital also fails to plausibly allege a fraudulent transfer claim against the New Defendants. To avoid repetition of what the Court has already reviewed, the New Defendants incorporate by reference as if set forth herein Argument section B of Private Capital's Motion to Dismiss, which concerns dismissal of Newman Capital's fraudulent transfer claim. *See* Dkt. No. 24 (PCG MTD), 7-9. As set forth therein, Newman Capital's fraudulent transfer claim must be dismissed for the following reasons: (i) Newman Capital fails to allege a creditor because it fails to state a claim in its three other causes of action; (ii) to extent Newman Capital provides dates for transfers, those transfers are barred by the statute of limitations (i.e. transfers 1 through 3 from the "Claimed Fraudulent Transfers" table); and (iii) Newman Capital fails to plead sufficient facts for any of the transfers – much less particularized facts under Rule 9(b) – including facts concerning the alleged transferor,

---

[7] To the extent New Jersey or Utah law applies to the Amended Complaint's unjust enrichment claim, the laws of those states are substantially similar. *See Thieme v. Aucoin-Thieme*, 227 N.J. 269, 288, 151 A.3d 545 ("To prove a claim for unjust enrichment, a party must demonstrate that the opposing party 'received a benefit and that retention of that benefit without payment would be unjust."); *U.S. Fidelity v. U.S. Sports Specialty*, 270 P.3d 464, 468 (Utah 2012) ("To establish a claim for unjust enrichment, a plaintiff must show: (1) a benefit conferred; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit by the conferee under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.").

transferee, asset transferred, value of the asset, value of the consideration, date of the transfer, and debtor's insolvency.

Lastly, just as the Amended Complaint fails to plead that Private Capital was a transferee of any alleged transfer, the Amended Complaint does not allege that any of the following additional defendants, including some of the New Defendants, was a transferee of any alleged transfer: PCG Select Series II LLC, PCG Select Series Secured LLC, SFM, SFM Secured Credit II LLC, Stillwater Equity Partners LLC, Jared Lucero, Michael Burke, Common Investment Fund LLC, Reef Capital Investment LLC, Reef Investment Management LLC, Canyon Accounting LLC, RIM Secured Credit Income Fund III LLC, PCG Credit Partners LLC, PCG Holdings LLC, 160 W Canyon Crest Road LLC, 1705 Viewpoint LLC, Outlaw Country Holding LLC, Iron Fox Ballard LLC, and Brookside Prairie View LLC. For the foregoing reasons, the Court should dismiss Newman Capital's fraudulent transfer claim against the New Defendants.

## III. NEWMAN CAPITAL HAS NOT OBTAINED THE COURT'S PERMISSION OR THE PARTIES' CONSENT TO ADD FOURTEEN OF THE ADDITIONAL DEFENDANTS.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). Where a plaintiff files an amended complaint and "fail[s] to request or secure the permission of the court or consent of the defendants," the amended complaint is deemed "a nullity for failure to [c]omply with the Federal Rules." *See Martinez v. Pittsford Central School Dist.*, No. 04-CV-6229T, 2005 WL 643416, at *1 (W.D.N.Y. Mar. 18, 2005); *Nikolic v. Federation Employment and Guidance Service, Inc.*, 795 N.Y.S.2d 303, 304 (2d Dep't 2005) ("Accordingly, the plaintiff's service of the amended summons and complaint was a nullity since he served these papers without leave of court or

a stipulation of the parties in accordance with CPLR 3025(b)."). Newman Capital never obtained Private Capital's consent, or the state court's permission, to join the following fourteen additional defendants, which include some of the New Defendants: Michael Burke, Common Investment Fund LLC, Reef Capital Investment LLC, Reef Capital Management LLC, Reef Investment Management LLC, Canyon Accounting LLC, RIM Secured Credit Income Fund III LLC, PCG Credit Partners LLC, PCG Holdings LLC, 160 W Canyon Crest Road LLC, 1705 Viewpoint LLC, Outlaw Country Holding LLC, Iron Fox Ballard LLC, and Brookside Prairie View LLC (the "***Unauthorized Defendants***").

Newman Capital moved the state court for permission to amend its complaint on November 23, 2021, when it filed its *Motion for Leave to File Amended Complaint and to Amend Caption*, attached hereto as **Exhibit A** (the "***Motion to Amend***"). In its Motion to Amend, Newman Capital attached an amended complaint naming as defendants only nine of the additional defendants—and none of the Unauthorized Defendants. Referring to the defendants named in Newman Capital's Motion to Amend, the state court granted in part, and denied in part, Newman Capital's Motion to Amend, granting Newman Capital "leave to add *the* new parties as defendants." *See* State Court Order, attached as **Exhibit B** (emphasis added). Newman Capital, without permission from either the state court or Private Capital's consent, subsequently filed the Amended Complaint naming the fourteen Unauthorized Defendants as parties in addition to the previously-named nine defendants. Accordingly, because Newman Capital asserted claims against the Unauthorized Defendants without complying with Rule 15 or CPLR 3025(b), the Court should dismiss all such claims against the Unauthorized Defendants as null and void.

21

## <u>CONCLUSION</u>

In sum, the Court should dismiss the Amended Complaint's claims against the New Defendants for lack of personal jurisdiction. Alternatively, Newman Capital's claims must be dismissed under Rules 12(b)(6) or 56. Lastly, Newman Capital's claims against the Unauthorized Defendants are null and void.

Dated: Salt Lake City, Utah
      February 1, 2022

BENNETT TUELLER JOHNSON & DEERE

*/s/ Jarom R. Jones*
Jeremey C. Reutzel *(Pro Hac Application Pending)*
Jarom R. Jones *(Pro Hac Application Pending)*

3165 E. Millrock Dr., Suite 500
Salt Lake City, Utah 84121
Tel: (801) 438-2000
jreutzel@btjd.com
jjones@btjd.com

*Attorneys for Defendants.*