UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    NEWMAN CAPITAL LLC,

                      Plaintiff,

            -against-

    PRIVATE CAPITAL GROUP, INC., *et al.*,

                      Defendants.
------------------------------------------------------------X

22-CV-663 (VSB)

**OPINION & ORDER**

Appearances:

Michael Terrance Conway
Lazare Potter Giacovas & Moyle LLP
New York, NY

Stephen Michael Forte
Offit Kurman, P.A.
New York, NY
*Counsel for Plaintiff*

Jarom R Jones
Jeremy C. Reutzel
Bennett Tueller Johnson & Deere
Salt Lake City, UT

David Joseph Mahoney
Rimon P.C.
Jericho, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff's motion for leave to file a second amended complaint. Because Plaintiff has met the permissive standard under Rule 15, the motion is GRANTED.

I. **Relevant Procedural History**

On March 28, 2024, I issued an Opinion & Order (the "March Order") granting in part and denying in part Defendants' motions to dismiss, and dismissing certain defendants for lack of jurisdiction and for failure to state a claim. (Doc. 40.) On May 10, 2024, I issued an Amended Opinion & Order to clarify which defendants were dismissed, but "d[id] not otherwise modify the conclusion" of the March Order. (Doc. 43 ("Am. Order") at 1 n.1.) The Amended Order, among other things, dismissed the fraudulent transfer claim "without prejudice with leave to file a second amended complaint." (*Id.* at 28.)

On July 2, 2024, Plaintiff filed a letter motion requesting that I clarify whether the Amended Order granted leave to add new defendants to various claims or, in the alternative, granted leave to file a Proposed Second Amended Complaint to (1) add individual defendants Jared Lucero and Michael Burke and "DOE defendants" to the First Cause of Action for breach of contract and (2) add "DOE defendants" to the former Fourth Cause of Action, now the Second Cause of Action, for fraudulent conveyance. (Doc. 46 at 1.) On July 16, 2024, Defendants Private Capital Group, Inc., Select Fund Management LLC, Reef Capital Partners LLC, Reef-PCG LLC, Stillwater Equity Partners LLC, Common Investment Fund LLC, Reef Capital Investment LLC, and Reef Capital Management LLC responded to Plaintiff's letter, and requested that I deny Plaintiff leave to amend to add parties to the First Cause of Action and former Fourth Cause of Action. (Doc. 47.) Plaintiff replied on July 22, 2024. (Doc. 48.)

On November 7, 2024, I issued an order responding to Plaintiff's request for clarification. (Doc. 49 ("Clarification Order").) Specifically, I stated that "the March Order[1] did not grant

---

[1] Although the Clarification Order referenced the March Order (and not the Amended Order, as Plaintiff requested), my conclusion in the Clarification Order would not change, and applies equally to the Amended Order.

leave to amend the breach-of-contract claim at all, let alone to add new defendants." (*Id.* at 2.) I also stated that "the March Order dismissed the fraudulent-conveyance claim as untimely because the complaint did not sufficiently allege factual details whether the statute of limitations was tolled," and that "the March Order did not grant leave to amend those claims to add new defendants." (*Id.*) Despite these "clarifications", I granted Plaintiff's request for leave to file a formal motion to amend the operative complaint due to the liberal and permissive standard under Rule 15 of the Federal Rules of Civil Procedure. (*Id.*)

On November 20, 2024, Plaintiff moved for leave to file a second amended complaint pursuant to Local Civil Rule 7.1(a)(1) and Fed. R. Civ. P. 15(a)(2). (Doc. 50.) Plaintiff also filed, among other things, a supporting memorandum of law, (Doc. 51 ("Pl. Mem.")), the proposed second amended complaint, (Doc. 52-1 (the "PSAC")), and a redline comparing the operative complaint and the PSAC, (Doc. 52-2 (the "Redline")). On December 4, 2024, Defendants opposed, arguing that filing a second amended complaint in the form of the PSAC would (1) be futile, (2) unduly delay the proceedings, and (3) be unduly prejudicial. (Doc. 53 ("Opp'n").) Plaintiff filed a reply brief on December 13, 2024. (Doc. 54 ("Reply").)

## II.   Legal Standard

"Leave to amend is to be freely given when justice requires." *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013) (citing, *inter alia*, Fed. R. Civ. P. 15(a)(2)). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "The burden to explain a delay is on the party that seeks leave to amend." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998). But the "non-movant bears the burden of showing prejudice,

3

bad faith and futility of the amendment." *Grant v. Citibank (S. Dakota), N.A.*, No. 10-CV-2955, 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  Rule 15(a)(2) is a "liberal" and "permissive" standard in accord with the Second Circuit's "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks omitted).

When a proposed amendment adds new parties, Rule 21 of the Federal Rules of Civil Procedure governs.  *See Waite v. UMG Recordings, Inc.*, 477 F. Supp. 3d 265, 269 (S.D.N.Y. 2020).  Under Rule 21, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  In any event, "courts apply the same liberal standard afforded to motions to amend under Rule 15(a)." *Waite*, 477 F. Supp. 3d. at 269 (citing *Sly Magazine, LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007)).

### III. Discussion

Plaintiff seeks to amend the operative complaint to (1) add individual defendants (Lucero and Burke)—who were already defendants in this case—and Doe Defendants to the first cause of action for breach of contract and (2) amend the factual allegations and add the Doe Defendants to the fourth cause of action for fraudulent conveyance.  (Pl. Mem. 4–6.)  Plaintiff correctly notes that the Prior Order already "granted leave to amend" the fraudulent conveyance claim, and that "[t]he only portion of the amendment that requires leave is the inclusion of the D[oe] Defendants."  (Reply 2–3.)  Because of the permissive standard under Rule 15, I grant leave for Plaintiff to amend the operative complaint to include Doe Defendants.

Defendants' remaining arguments are that the amendments regarding the breach-of-

contract claims should be denied due to undue delay and prejudice.[2] I address each in turn.

As an initial matter, Plaintiff fails to bear its burden of showing that it acted diligently in timely seeking to amend the complaint. *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) ("The burden to explain a delay is on the party that seeks leave to amend."). Plaintiff fails to overcome the presumption of undue delay for failure to "provide[] a detailed explanation as to why each of the various categories of new factual allegations could not have been alleged previously." *Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 382 (S.D.N.Y. 2022). Plaintiff offers no explanation why Burke and Lucero, who were already defendants in this action, were not named as defendants in the claim for breach of contract. Nor does Plaintiff explain how its allegations "on information and belief" that Defendants Burke and Lucero "continued to create affiliates for the purpose of fraudulently conveying assets to avoid payments owed to Plaintiff," and that the Doe Defendants are included "as placeholders in the event of a future amendment," (Pl. Mem. 5), justify such a delay in requesting leave to amend. Therefore, I find that Plaintiff fails to overcome the presumption of delay. However, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo*, 514 F.3d at 191.

Defendants fail to show undue prejudice because of the status of discovery in this action. The Second Circuit has stated that an "[a]mendment may be prejudicial when . . . it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (quoting *State Teachers*

---

[2] Defendants' argument regarding futility only concerns the fraudulent transfer claim. (Opp'n 7.) Because I already granted leave to amend for the fraudulent transfer claim, I do not consider Defendants' futility argument here in the context of a motion for leave to amend. I make no finding concerning whether or not any alleged deficiencies in Plaintiff's fraudulent-transfer claim in the second amended complaint are cured.

5

*Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  Here, discovery has not concluded, there is no pending motion for summary judgment, and no trial date has been set.  *State Teachers*, 654 F.2d at 856 ("This is not a case where the amendment came on the eve of trial and would result in new problems of proof.").  Although Defendants may have to use additional resources for discovery and trial preparation, (Opp'n 17), "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading," *U.S. ex rel. Mar. Admin. v. Cont'l Illinois Nat'l Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) (citation omitted).  Accordingly, Defendants have failed to bear their burden of showing undue prejudice.  *Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 380 (S.D.N.Y. 2022) (noting that the "non-movant bears the burden of showing prejudice" (internal quotation marks omitted)).

**IV.     Conclusion**

Due to the liberal and permissive standard under Rule 15, Plaintiff's motion for leave to file a second amended complaint is GRANTED.[3]

Accordingly, it is hereby:

ORDERED that Plaintiff file a second amended complaint within 7 days of the date of this order.  Plaintiff is reminded that the second amended complaint must be in accordance with the Amended Order, (Doc. 43), and this Order.

The Clerk of Court is respectfully directed to terminate the open motion at Doc. 50.

SO ORDERED.

Dated:  March 28, 2025
        New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge

---

[3] Defendants request that, to the extent I allow leave to amend the operative complaint, I require Plaintiff "to amend its Fraudulent Transfer Claim to be asserted against only alleged transferees." (Opp'n 15 n.5.) I decline to do so. Defendants are free to raise any similar arguments in a responsive motion, such as a motion to dismiss, to the second amended complaint.